**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CARRIE E. CARTER,**

       **Plaintiff,**

                           **Case No. 2:14-cv-244**
   **v.**                        **JUDGE GREGORY L. FROST**
                                   **Magistrate Judge Norah M. King**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

       **Defendant.**

**OPINION AND ORDER**

This action seeks review under 42 U.S.C. § 405(g) of a final decision of Defendant, Carolyn W. Colvin, the Commissioner of Social Security, that denied an application for disability benefits filed by Plaintiff, Carrie E. Carter. On October 20, 2014, the United States Magistrate Judge issued a Report and Recommendation recommending that the Court overrule the statement of errors, affirm the Commissioner's decision, and enter judgment in favor of Defendant. (ECF No. 19, at Page ID # 1036.) The matter is now before the Court for consideration of Plaintiff's objections (ECF No. 20) and the Defendant's response (ECF No. 22).

**I. Discussion**

**A.  Standard Involved**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.' " *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Substantial evidence is such relevant evidence as a reasonable mind might accept to support the ALJ's conclusions.  *Bass v. McMahon*, 499 F.3d 506, 506 (6th Cir. 2007).

Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted).  Even if supported by substantial evidence, however, " 'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.  Analysis**

A threshold issue presented by the briefing is what is the scope of the objections before this Court.  In her objections, Plaintiff begins by stating that she "she will not restate the entirety of the arguments raised in her Statement of Specific Errors previously filed with this Court, but incorporates all those arguments as if fully restated herein and preserves all of those issues."

(ECF No. 20, at Page ID # 1039.)  Plaintiff then "requests that this Court carefully review the arguments set forth in her <u>Statement of Specific Errors</u> in addition to the arguments presented herein."  (*Id.*)

Plaintiff's attempt at objecting via incorporation fails.  The Sixth Circuit has explained that a general objection that is comprised of a summary reference to briefs filed before the issuance of a report and recommendation does not sufficiently present specific objections.  *See Pope v. Comm'r of Soc. Sec.*, 229 F.3d 1153, 2000 WL 1140712, at *1 (6th Cir. 2000) (unpublished table decision); *see also Williamson v. Apfel*, 166 F.3d 1216, 1998 WL 833779, at *5 n.5 (6th Cir. 1998) (unpublished table decision) (stating that "general objections '[have] the same effects as would a failure to object' " (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991))).  Accordingly, this Court will only consider the two specific objections that Plaintiff has actually set forth in her objections.

In her first objection, Plaintiff argues that the Magistrate Judge erred in concluding that the Administrative Law Judge's analysis was sufficiently specific as to the weight assigned to the treating source opinion of Dr. Shannon and to the reasons underlying that evaluation.  This Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.

The problem with Plaintiff's first objection is that she focuses on a portion of Dr. Shannon's opinions rather than the totality of the doctor's opinions considered within the context within which the Administrative Law Judge's decision is tested.  In order for the Administrative Law Judge's decision to be overturned, Plaintiff must show that the decision is not supported by substantial evidence.  Review of the record, however, indicates that there is substantial evidence to support the Administrative Law Judge's finding that the specific opinion of Dr. Shannon at

issue should be given qualified weight.  Dr. Shannon also opined that although Plaintiff's use of her right hand is notably restricted, Plaintiff can use her right hand in some respects.  It is also important to note that the lack of clarity pervading Dr. Shannon's left hand opinions undercuts pulling from that doctor a conclusion that the doctor intended to indicate that Plaintiff could not work as opposed to being unable to perform specific types of work.  The Administrative Law Judge therefore did not err in concluding that Plaintiff is capable of using her right hand to a limited degree.  The Magistrate Judge correctly considered the entirety of Dr. Shannon's opinions in evaluating the Administrative Law Judge's decision and concluded that its reasoning was sufficiently specific as to both the weight afforded Dr. Shannon's opinions and the reasons for assigning that weight.  The fact that the Magistrate Judge did not agree with Plaintiff's interpretation or weighing of the evidence is not enough to constitute a reversible error.

In her second objection, Plaintiff argues that the Administrative Law Judge improperly relied on a testifying vocational expert without having obtained sufficient information to test the validity of that potentially defective testimony.  Plaintiff is correct that the record does not reflect the qualifications or experience of the vocational expert who actually ended up testifying, and Plaintiff is also correct that the Hearings, Appeals and Litigation Law Manual of the Social Security Administration ("HALLEX") states that the record should contain an accurate statement of a vocational expert's professional qualifications.

The Court understands Plaintiff's point but also recognizes that the Sixth Circuit has held that the HALLEX is not binding authority.  *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008).  Thus, this Court will not accept Plaintiff's invitation to do what the court of appeals has declined to do and impose upon the Administrative Law Judge the obligation to follow the sensible if perhaps preferred practices set forth in the HALLEX or be regarded as

4

having committed reversible error.  Moreover, the Court recognizes that Plaintiff's counsel waited until after the hearing to raise the issue with the Administrative Law Judge, rather than raising the purported deficiency at a time when it could have been promptly and easily remedied. It would have been the better practice for the Administrative Law Judge to build a more complete record, and it would have been the better practice for counsel to raise that issue at the logical time and not well after that time had passed.  The failure to achieve the former is not reversible error here.  *See Biddle v. Colvin*, No. 2:13-CV-96-JMH, 2014 WL 4384374, at *8 (E.D. Ky. Sept. 2, 2014) ("HALLEX is not binding on this Court and many district courts in this circuit have concluded that a deviation from the instructions in HALLEX does not warrant remand."); *Kendall v. Astrue*, No. 09-239-GWU, 2010 WL 1994912, at *4 (E.D. Ky. May 19, 2010) ("HALLEX does not create a procedural due process issue as do the Commissioner's regulations in the Code of Federal Regulations.").

### III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 20), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 19), and **ORDERS** that judgment be entered in favor of Defendant.  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE